LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for Employment Standards
KATHERINE KASAMEYER
Trial Attorney
Email:  Kasameyer.katherine@dol.gov
CA State Bar No. 261820
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California  94103
Telephone (415)625-7742
Fax (415) 625-7772

Attorneys for Plaintiff,
United States Department of Labor

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br>　　　　Plaintiff,<br>　　　　　v.<br><br>D.S. Waters of America, Inc., d/b/a Sparkletts,<br>　　　　Defendant. | CIVIL ACTION<br>CASE NO.<br><br>**COMPLAINT** |

1.    Plaintiff Hilda L. Solis, Secretary of Labor, U.S. Department of Labor, (the Secretary) brings this action for damages, injunctive, and other relief for violations of the Family Medical Leave Act of 1991, as amended (29 U.S.C. §2601 *et seq.*), ("FMLA" or the "Act") to enforce the provisions of §§ 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, and the Regulations published at 29 C.F.R. Part 825.

2.    Jurisdiction of this action is conferred upon the Court by § 107(b)(2)

and (d) of the Act, 29 U.S.C. § 2617(b)(2) and (d).

3. Defendant D.S. Waters of America, Inc., d/b/a Sparkletts ("D.S. Waters") is a corporation with its headquarters in Atlanta, Georgia. D.S. Waters provides bottled water and beverages to purchasers across the country and operates out of a facility located at 1740 West Broadway Road, Mesa, Arizona, 85202.

4. Defendant is now, and was at all relevant times, a covered employer as defined by § 101(4) of the Act, 29 U.S.C. § 2611(4).

5. On or about December 4, 2009, D.S. Waters purchased O Waters, LLC, which was doing business as O Premium Water ("O Premium").

6. O Premium was, at all relevant times, a covered employer as defined by § 101(4) of the Act, 29 U.S.C. § 2611(4).

7. D.S. Waters is a successor in interest to O Premium for purposes of the FMLA, pursuant to § 101(4) of the Act, 29 U.S.C. § 2611(4), and 29 C.F.R. § 825.107.

8. Peter Lyle ("Mr. Lyle") worked as a route driver for O Premium until December 2009.

9. At all relevant times, Mr. Lyle was an eligible employee, as defined by § 101(2)(A) of the Act, 29 U.S.C. § 2611(2)(A), and 29 C.F.R. § 825.110.

10. During the course of his employment by O Premium, Mr. Lyle suffered a serious health condition which made him unable to perform the functions of his position as defined by § 102(a)(1)(D) of the Act, 29 U.S.C. § 2612(a)(1)(D), and 29 C.F.R. §§ 825.112, 825.113 and 825.123.

11. Mr. Lyle provided O Premium proper notice of his need for leave because of his serious health condition, consistent with § 102(e) of the Act, 29 U.S.C. §2612(e), and 29 C.F.R. § 825.302.

12. O Premium approved Mr. Lyle's FMLA leave.

13.     Mr. Lyle went on FMLA leave on or about December 2, 2009.

14.     While Mr. Lyle was on FMLA leave, on or about December 4, 2009, D.S. Waters purchased O Premium.

15.     D.S. Waters retained Mr. Lyle's colleagues, the O Premium route drivers, using an application process less rigorous than the D.S. Waters' regular process for hiring new employees.

16.     Mr. Lyle initially sought employment from D.S. Waters through the process described in paragraph 15.

17.     Mr. Lyle later applied for employment through D.S. Waters' regular hiring procedure for new hires.

18.     D.S. Waters did not retain Mr. Lyle or provide him with employment benefits.

19.     D.S. Waters never restored Mr. Lyle to the position of employment that he held before he went on FMLA leave, or to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

20.     D.S. Waters used Mr. Lyle's FMLA leave as a negative factor in making employment decisions about him.

21.     Through the actions in paragraphs 15 through 20 Defendant violated §§ 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, and 29 C.F.R. §§ 825.211, 825.214, 825.215, 825.220 and other relevant regulations by interfering with, restraining, and/or denying Mr. Lyle the exercise of rights provided under the Act.

        WHEREFORE, the Secretary prays for a Judgment against Defendant as follows:

        (1) For an Order pursuant to § 107(b) of the Act, 29 U.S.C. § 2617(b), finding Defendant liable for unpaid wages, salary, employment benefits and other compensation due, and actual monetary losses sustained by Mr. Lyle as a direct

result of the violation, plus interest and liquidated damages;

(2) For an Order pursuant to § 107(d) of the Act, 29 U.S.C. § 2617(d)(1), permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest from violating the provisions of §§ 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, including the restraint of any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest, found by the court to be due to Mr. Lyle;

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

(3)      An Order pursuant to § 107(d) of the Act, 29 U.S.C. § 2617(d)(2), awarding such other equitable relief as may be appropriate, including employment, reinstatement, and promotion to Mr. Lyle; and

(4) For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted this 24th day of October, 2011.

M. Patricia Smith
Solicitor of Labor

Lawrence Brewster
Regional Solicitor

David Kahn
Counsel for Employment
Standards


/s/ *Katherine M. Kasameyer*
Katherine M. Kasameyer
Trial Attorney


U.S. DEPARTMENT OF
LABOR
OFFICE OF THE
SOLICITOR

Attorneys for the Secretary of
Labor, Plaintiff