UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| SETH D. HARRIS[1], Acting Secretary of Labor, United States Department of Labor, | Case No.: 11-2075-PHX-SRB |
| Plaintiff, | CONSENT JUDGMENT |
| vs. | |
| DS WATERS OF AMERICA, INC. | |
| Defendant. | |

Plaintiff Seth D. Harris, Acting Secretary of Labor ("Secretary"), has filed the Complaint in this matter and Defendant DS Waters of America, Inc., (Defendant or "DS Waters") has appeared through counsel and answered the Complaint. Plaintiff and Defendant, having been duly advised on the proceedings, agree to resolve all matters in controversy in this action, waive the entry of any findings of fact and conclusions of law except as otherwise set forth herein, and agree to the entry of this Consent Judgment in settlement of this case.

1. Plaintiff alleges that for the purposes of section 101(4) of the Family Medical Leave Act ("Act" or "FMLA"), 29 U.S.C. § 2611(4), and relevant regulations, including 29 C.F.R. § 825.107, Defendant is a

---

[1] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Fed. R. Civ. P. 25(d) the caption has been changed to reflect the appointment.

successor in interest to O Waters LLC, which was doing business as O Premium Waters.  Plaintiff further alleges Defendant interfered with Mr. Peter Lyle's rights under sections 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, and 29 C.F.R. §§ 825.211, 825.214, 825.215, 825.220 and other relevant regulations by failing to hire Mr. Lyle, by failing to continue Mr. Lyle's group health benefits during his FMLA leave, and by failing to reinstate Mr. Lyle at the conclusion of his FMLA leave.

2. Defendant admits to the jurisdiction of this Court over it and over the subject matter of this action.  Defendant admits that this Court has authority to enter and enforce the attached Consent Judgment and that this Court is the most appropriate venue for any enforcement action which may be required as a result of the attached Consent Judgment.

3. The Consent Findings filed by the parties and this Consent Judgment represent a complete settlement of all the Secretary's claims asserted in this action against Defendant.  The Consent Findings filed by the parties and this Consent Judgment are not binding upon any government agency or claimant other than the U.S. Department of Labor and only resolve claims arising out of this action.

4. Each party shall bear all fees, including attorneys' fees, and other expenses (including court costs), incurred by such party in connection

with any stage of this proceeding, and shall waive all rights to relief in this case under the Equal Access to Justice Act of 1980, as amended (28 U.S.C. § 2412 et seq.).

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

(A) Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in its behalf and interest be, and hereby are, permanently enjoined and restrained from violating sections 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, and its Regulations published at 29 C.F.R. Part 825, including in any of the following manners:

(i) Defendant shall not, contrary to sections 102, 104, and 105 of the Act, 29 U.S.C. §§ 2612, 2614, 2615, fail to reinstate an employee to the same or equivalent position of employment he held prior to commencement of his FMLA-qualifying leave; and

(ii) With respect to reinstatement after FMLA-qualifying leave, Defendant shall not, contrary to sections 104 and 105 of the Act, 29 U.S.C. §§ 2614, 2615 and 29 C.F.R. § 825.312, require a fitness-for-duty certification from a person other than the health care provider of the employee.

(B) In full settlement of the Secretary's claim:

(i) Defendant shall, consistent with 29 C.F.R. § 825.300(d)(3) provide to Mr. Lyle a list of the essential functions of the Route Sales Representative position.

(ii) Mr. Lyle shall seek a fitness for duty certification from his health care provider, Dr. Douglas Hartzler, or, if Dr. Hartzler is not available, another physician of Mr. Lyle's choosing. Such fitness for duty certification shall include a certification that Mr. Lyle is able to perform the essential functions of the Route Sales Representative position consistent with 29 C.F.R. §§ 825.305, 825.312(b).

(iii) Defendant shall cover the costs of Dr. Hartzler seeing Mr. Lyle to evaluate his fitness to return to duty notwithstanding 29 C.F.R. § 825.312(c).

(iv) Immediately upon receipt of the fitness for duty certification referenced above, Defendant shall make an offer to employ Peter Lyle immediately as a Route Sales Representative at 1740 West Broadway Road, Mesa, Arizona with full seniority credit for employment as if he had been continuously employed by Defendant as a full-time Route Sales Representative since December 14, 2009.  Such seniority credit shall include but not be limited to offering to Mr. Lyle, at the same cost as benefits

offered to other Route Sales Representatives, family medical, dental, and vision benefits to be effective immediately. Such seniority credit shall also include Defendant's award of accrued vacation time to Mr. Lyle as though Defendant had continuously employed Mr. Lyle since December 14, 2009 and the use a hire date of December 14, 2009, for all purposes, including calculation of commission or other payments and assignment of work. Mr. Lyle shall have 10 days to decide whether to accept this job offer. Defendant shall immediately remove any adverse references pertaining to the subject matter of this action from any records Defendant maintains regarding Peter Lyle.

(v) Defendant shall pay the following amounts to Plaintiff: $26,871.87, for back wages due to Mr. Lyle, less the employee's share of payroll and other withholding taxes, and $31,464.46 for employment benefits due to Mr. Lyle.

(C) Payment pursuant to paragraph (B)(v) shall be made payable to "Wage and Hour Div., Labor or Peter Lyle" by certified check or cashier's check and shall be sent by overnight delivery for receipt by no later than February 26, 2013 to:

Sirena Bazile
FMLA Regional Enforcement Coordinator
Wage and Hour Division

Department of Labor
90 7th Street, Suite 13-100
San Francisco, CA 94103

Defendant shall enclose with such check a letter identifying the case name as *SOLIS v. DS WATERS OF AMERICA, INC.,* listing Defendant's tax identification number, and listing legal deductions made from the gross amount due.  Defendant will be also responsible for computing and paying all relevant employer payroll taxes, including any applicable federal, state or local taxes.

Neither Defendant nor anyone on its behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under the attached Consent Judgment.

(D)  Should Defendant fail to make the aforesaid payment set forth above for receipt by February 26, 2013, the entire balance remaining shall become due and owing without further notice by Plaintiff to Defendant and that amount shall be subject to post-judgment interest at the rate of ten percent per annum.

(E) The amount received pursuant to paragraphs (B) and (C) shall be used by the Secretary to satisfy the obligations imposed under the provisions of section 107(b)(3) of the Act, 29 U.S.C. § 2617(b)(3), and shall be distributed to Mr. Lyle (or to his heir or estate).  Any money not distributed by the Wage and Hour Division because of a failure to locate

Mr. Lyle or because of Mr. Lyle's failure to accept said distribution shall be deposited with the Treasurer of the United States, pursuant to 28 U.S.C. § 2041.

**It is so ordered.**

Dated this 13th day of February, 2013.

_____
Susan R. Bolton
United States District Judge